UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALFREDO BLANCO GAINZA,

      Petitioner,

v.

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION CENTER,
US ATTORNEY GENERAL,

      Respondents,

Case No. 2:26-cv-1979-KCD-NPM

_____/

## ORDER

Petitioner Alredo Blanco Gainza is a Cuban citizen with a final removal order. Immigration and Customs Enforcement ("ICE") apparently could not deport him at the time, so he was released. After spending years living in the community under supervision, Gainza was returned to immigration custody on March 10, 2026. He now seeks a writ of habeas corpus under 28 U.S.C. § 2241, asking this Court to order his immediate release. (Doc. 1.) For the reasons below, the petition is **DENIED WITHOUT PREJUDICE**.

### I. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing

the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at \*2 (S.D. Fla. Sept. 9, 2025).

## II. Discussion

Gainza claims he has been detained beyond the bounds of what substantive due process allows. The statutory framework for removal works like this: when a noncitizen's removal order becomes final, like here, the government has 90 days to effectuate removal. 8 U.S.C. § 1231(a)(1)(A). During that period, detention is mandatory. *Id.* § 1231(a)(2)(A). If the 90 days pass and the noncitizen is still here, the statute gives the government a choice: release the individual on supervision or keep them detained. *Id.* § 1231(a)(6).

But as the Supreme Court explained in *Zadvydas v. Davis*, the authority to detain does not stretch into infinity. To avoid serious constitutional problems, the Court read an implicit limitation into the statute: the government may detain a noncitizen only for a period "reasonably necessary" to secure his removal. 533 U.S. 678 (2001). And to make that rule workable, the Court established a presumption. For the first six months, detention is presumptively reasonable. *Id.* at 701. After that period has passed and the alien "provides good reason to believe that there is no significant likelihood of

2

removal in the reasonably foreseeable future," the burden then shifts to the government to provide evidence sufficient to rebut that showing. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Thus, "in order to state a [substantive due process] claim under *Zadvydas*, the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*.

ICE took Gainza into custody on March 10, 2026. Because he has been detained for less than six months, he remains within the window in which his detention is presumptively reasonable. Until the six-month *Zadvydas* period concludes, detention is presumptively reasonable, and any due process claim is not ripe. *See, e.g., Grigorian v. Bondi*, Case No. 25-CV-22914-RAR, 2025 WL 1895479, at *8 (S.D. Fla. July 8, 2025); *Lopez v. Dir. of Enf't and Removal Operations*, Case No. 3:25-cv-1313-JEP-SJH, 2026 WL 261938, at *12 (M.D. Fla. Jan. 26, 2026); *Guerra-Castro v. Parra*, Case No. 25-cv-22487-GAYLES, 2025 WL 1984300 at *4 (S.D. Fla. July 17, 2025) (finding habeas petition "premature" because "Petitioner has not been detained for more than six months").

Gainza also claims he should be entitled to a bond hearing. When the Supreme Court confronted the constitutional perils of indefinite immigration detention in *Zadvydas*, it did not instruct lower courts to start weighing the

3

process afforded to the detainee. It set a timer. For the first six months, detention is presumptively reasonable. 533 U.S. at 701. So until that timer goes off, *Zadvydas* itself seemingly supplies the constitutional metric. *Martinez v. Larose*, 968 F.3d 555, 566 (6th Cir. 2020). "In other words, the *Zadvydas* standard is due process: a § 1231 detainee who fails the Zadvydas test fails to prove a due process violation." *Castaneda v. Perry*, 95 F.4th 750, 760 (4th Cir. 2024). Because Gainza's detention is barely out of the starting gate, he is not yet entitled to anything more.

### III. Conclusion

Gainza has not been detained long enough to transform his authorized custody into a substantive due process violation under *Zadvydas*. And his remaining arguments—whether grounded in procedural due process or the like—do not warrant habeas relief. Because Gainza has not shown his detention is unlawful, his petition (Doc. 1) must be **DENIED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions, and close the case.

**ORDERED** in Fort Myers, Florida on July 3, 2026.

Kyle C. Dudek
United States District Judge

4